**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER**, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff | § § § | |
| *versus* | § § | |
| **SETTLE FAST MCA, LLC,** a Florida Limited Liability Company | § § § § | **Civil Action No. 3:24-CV-461** |
| **Jane/John Doe** | § § | **DEMAND FOR JURY TRIAL** |
| Defendant. | § § § § § § § | |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

Plaintiff BRANDON CALLIER (hereinafter "Mr. Callier" or "Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Settle Fast MCA, LLC (hereinafter "Settle Fast") to stop their illegal practice of placing unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA") and Texas Business and Commerce Code ("TBCC"). Mr. Callier alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

**PARTIES**

1.      Plaintiff Brandon Callier (hereinafter "Mr. Callier" or "Plaintiff") is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2.      Mr. Callier may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com.

3.      Defendant Settle Fast MCA, LLC (hereinafter "Settle Fast") is a limited liability company organized and existing under the laws of Florida and can be served via its registered agent Lori Brennan, 8751 W. Broward Blvd., 506, Plantation, FL 33324.

**JURISDICTION AND VENUE**

4.      This action is brought by Mr. Callier pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5.      This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331. The Court additionally has pendant

2

jurisdiction over the subject matter of the claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367.

6.      This Court has specific personal jurisdiction over the Defendant as they, upon information and belief, authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

7.      Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Western District of Texas.

## STATEMENT OF FACTS

8.      Settle Fast markets and sells debt relief services throughout the United States.

9.      Settle Fast uses telemarketing phone calls to solicit their debt relief services.

10.     Mr. Callier is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(39).

11.     Defendant made solicitation phone calls to Mr. Callier's residential cell phone ending in 4604 ("4604 Number") without Mr. Callier's express written consent.

12.     Mr. Callier's 4604 Number was successfully registered on the National Do Not Call registry in December 2007.

13.     Mr. Callier did not have a preexisting business relationship with Defendant.

14.     On November 11, 2024, Mr. Callier received a phone call from phone number 239-341-7700.  Mr. Callier was briefly solicited for MCA loan relief services before disconnecting the phone call.

15.     On November 11, 2024, Mr. Callier received another phone call from phone number 239-341-7701. Mr. Callier answered the phone and was solicited for MCA loan relief services.

16.     On November 11, 2024, while on the phone call in paragraph 15, the agent sent Plaintiff a text message from phone number 954-249-7477. The representative stated her name, Lori Brennan ("Ms. Brennan"), and the company she worked for, Settle Fast MCA.

17.     On November 12, 2024, Plaintiff sent a Do Not Call request to Ms. Brennan via text message to 954-249-7477. Ms. Brennan acknowledged the DNC request.

18.     On November 14, 2024, Ms. Brennan called Mr. Callier despite acknowledging the DNC request on November 12, 2024.

19.     Mr. Callier's privacy has been violated by the above-described prerecorded telemarketing call.

20.     Mr. Callier never provided his consent or requested these calls.

21.     The Defendant is not registered to telephone solicit in Texas pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain any of the Defendant's registrations. Mr. Callier confirmed the lack of registration with a search on November 14, 2024.

22.     Mr. Callier and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and

harassed. In addition, the calls occupied their telephone lines, rendering the unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

### Class Action Allegations

23.     Mr. Callier incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

24.     Mr. Callier brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

25.     Mr. Callier proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) telephone numbers were on the National Do Not Call Registry for at least 30 days, (3) but received more than one call from or on behalf of Settle Fast (4) within a 12-month period

> **Texas Business and Commerce Code Sub-Class**: All persons in Texas who, (1) within four years prior to commencement of litigation until the class is certified (2) received one or more solicitation phone calls (3) from or on behalf of Settle Fast.

26.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been adjudicated on the merits or otherwise released; (5) Mr. Callier's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27.     Mr. Callier and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

28.    The Class Action Complaint seeks injunctive relief and money damages.

29.    The Classes defined above are identifiable through dialer records, other phone records, and phone number databases.

30.    **Numerosity**: The exact number of the Class members is unknown and not available to Mr. Callier, but individual joinder is impracticable. On information and belief, Defendant has called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

31.    **Typicality**: Mr. Callier's claims are typical of the claims of other members of the Class, in that Mr. Callier and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited prerecorded phone calls.

32.    **Adequate Representation**: Mr. Callier will fairly and adequately represent and protect the interests of the other members of the Class. Mr. Callier's claims are made in a representative capacity on behalf of the other members of the Class. Mr. Callier has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Mr. Callier has retained competent counsel to prosecute the case on behalf of Mr. Callier and the proposed Class. Mr. Callier and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

33.    **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure

compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Mr. Callier's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Mr. Callier.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Mr. Callier and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following

    a. Whether Defendant's conduct constitutes violations of the TCPA;

    b. Whether multiple telemarketing calls were used to promoting the Defendant's goods or services to members of the National Do Not Call Registry Class; and

    c. Whether members of the National Do Not Call Registry Class are entitled to treble damages based on the willfulness of Defendant's conduct.

    d. Whether Defendant was registered to telephone solicit Texas residents; and

    e. Whether Defendant qualified for an exemption from the telephone solicitation registration requirement; and

    f. Whether Defendant's actions constitute violations of the TBCC.

35. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual

members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

37.     Mr. Callier, pursuant to local rules, shall move to certify this complaint as a Class Action.

38.     Mr. Callier will reidentify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Mr. Callier's 'Motion to Certify.

### INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS

39.     Mr. Callier realleges paragraphs one through thirty-eight and incorporates them herein as if set forth here in full.

40.     The calls harmed Mr. Callier by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

41.     The calls harmed Mr. Callier by trespassing upon and interfering with his rights and interests in his cellular telephone.

42.     The calls harmed Mr. Callier by intruding upon his seclusion.


**First Cause of Action:**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(c)**
**(On behalf of Plaintiff and the TCPA Class)**


43.     Mr. Callier realleges paragraphs one through forty-two and incorporates them herein as if set forth here in full.

44.     The Defendant violated the TCPA and its Implementing Regulations by making two or more telemarketing calls within a 12-month period to Mr. Callier and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

45.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Mr. Callier and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

46.     Mr. Callier and Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

47.     Mr. Callier and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting Settle Fast from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future

48.     Jane/John Doe placed telephone calls to Mr. Callier's and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

49.     The calls were made for the express purpose of soliciting customers for Defendant Settle Fast's goods and services.

**Second Cause of Action:**
**Violation of The Texas Business and Commerce Code**
**Failure to Obtain a Telephone Solicitation Registration Certificate**
**(On behalf of the Texas Business and Commerce Code Sub-Class)**

50.     Mr. Callier realleges paragraphs one through forty-nine and incorporates them herein as if set forth here in full.

51.     Defendant's illegal solicitation sales calls to Mr. Callier and the putative classes without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

52.     Upon information and belief the actions of the Defendant also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls through Jane/John Doe to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

53.     A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

54.     As a result of the Defendant's violations of Texas Business and Commerce Code § 302.101, Mr. Callier may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

55.     As a result of the Defendant's violations of §302.101, Mr. Callier seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Callier ("hereinafter "Mr. Callier"), individually and on behalf of the Class prays for the following relief:

10

A. An order certifying the Class as defined above, appointing Mr. Callier as the Class representative and appointing his counsel as Class Counsel (after Mr. Callier files his respective motion pursuant to this Court's local rules);

B. An order declaring that the Defendant's actions, as set out above, violate 227(c) of the TCPA;

C. An order declaring that the Defendant's actions, as set out above, violate 227(c) of the TCPA willfully and knowingly;

D. An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each unintentional violation;

E. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation;

F. An order declaring that the Defendant's actions, as set out above, violate Texas Business and Commerce Code § 302.101;

G. An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101 to Mr. Callier and the respective class;

H. An injunction requiring Defendant to cease sending all unlawful calls;

I. An award of reasonable attorneys' fees and costs; and

J. Such further relief as the Court deems necessary, just, and proper.

### JURY DEMAND

Mr. Callier requests a trial by jury of all claims that can be so tried.

Dated this 24th day of December 2024.

Respectfully Submitted,

The Darwich Law Firm, LLC
  /Omar F. Darwich/ _____
Omar F. Darwich
Tx Bar No. 24124686

6090 Surety Dr., #305
El Paso, TX 79905

(915) 671-2221
omar@darwichlegal.com

**ATTORNEY FOR PLAINTIFF**

**VERIFICATION STATEMENT**

I, Brandon Callier, hereby state under oath that I am the Plaintiff in this dispute, that I have read the foregoing complaint, and that it is are true and accurate to the best of my knowledge and belief, except as to matters stated on information and belief, and that as to those matters I believe to be true.

I declare under penalty of perjury that the foregoing verification is true and correct to the best of my knowledge and belief, and as to any matter stated on belief, I believe such to be true.

Dated this 20th day of December 2024.

/s/ Brandon Callier_____/____
Brandon Callier