IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER**, § <br> § <br> Plaintiff § <br> § <br> *versus* § <br> § <br> **SETTLE FAST MCA, LLC,** a Florida § <br> Limited Liability Company, and **LORI** § <br> **BRENNAN** § <br> § <br> Defendants. § <br> § <br> § | **Civil Action No.: 3:24-CV-00461-KC** |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Brandon Callier on his own individual behalf, respectfully moves, under Fed. R. Civ. P. 55(b)(2), for a default judgment against Defendants Settle Fast MCA, LLC ("Settle Fast") and Lori Brennan ("Brennan")(and/or collectively referred as "Defendants").

**STATEMENT OF FACTS**

<u>Liability</u>: The Plaintiff in this case, Brandon Callier, received (4) unsolicited phone calls or texts to his personal telephone number, ###-###-4604, which was listed on the National Do Not Call Registry. (ECF 9. ¶¶16-20). Defendants use telemarketing to market their services to Plaintiff, who did not provide his prior express written consent to receive such solicitations. (*Id.* At ¶ 22). Defendants are liable to Plaintiff for violations of 47 U.S.C. § 227(c) and Texas Business and Commerce Code § 302.101.

1

Jurisdiction: This Court has Specific Personal Jurisdiction over Defendants because Defendants intentionally availed themself of the state of Texas by intentionally directing phone calls into Texas. (*Id*. At ¶8). Defendants continued to purposefully direct call to Plaintiff's Texas area code phone number despite Plaintiff making a Do Not Call ("DNC") request. (*Id*. At ¶19, 20). Defendants place calls to Texas residents, derive or derived revenue from Texas residents and sell goods and services to Texas residents. (*Id*. At ¶ 8).

Injury: Plaintiff did not provide his prior express written consent to receive these calls nor did he have a prior existing business record with the Defendants. (*Id.* At. ¶¶13, 15). Plaintiff was damaged both statutorily and emotionally as the calls trespassed and interfered with his rights and interests in his telephone and intruded upon his seclusion. (*Id.* At. ¶¶46-48).

Damages: Although a default judgment, which is a judgment on the merits, conclusively establishes the Defendants' liability, it does not establish the amount of damages. *United States ex rel. M-CO Constr., Inc., v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The complaints factual allegations regarding damages, even if well-pleaded, must still be proven. *Id*. A hearing is not necessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation,"-i.e., "the amount is easily computable." *United Artists Corp. v. Freeman*, 604 f.2d at 854, 857 (5th Cir. 1979).

While Plaintiff filed this complaint as a class action, the class was never certified, and Plaintiff only moves for default on his own individual claims.

47 U.S.C. § 227(c)(5) provides that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring an action "in an appropriate court." The "regulations prescribed under this subsection" are codified at 47 C.F.R. § 64.1200. 47 C.F.R. §

64.1200(c)(2) makes it an offense to "initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." Plaintiff received all unsolicited calls within a 12 month period. (ECF 9. At ¶¶16-20).

Damages for violations of section 227(c) of the TCPA are set by statute at up to $500 per violation. These damages can be trebled if found to be knowing and willful violations. Plaintiff contends that all calls were knowing and willful by nature between Plaintiff and Defendants. However, at the very least at least the November 14, 2024 call was knowing and willful as Plaintiff had made a Do Not Call Request to Ms. Brennan that was acknowledged. (*Id*. at ¶¶19-20). Plaintiff received an initial call on November 11, 2024 from the Defendants. (*Id*. at ¶16). Plaintiff then received another call on the same date. (*Id*. at ¶17). Plaintiff then received a text message on the same date. (*Id*. at ¶18). Lastly Plaintiff received a fourth call on November 14, 2024. (*Id*. ¶20). Plaintiff is entitled to $6,000.00 (1,500*4 = 6,000). Alternatively, if the court finds that only one call was made knowing and willfully Plaintiff is entitled to: $3,000.00 ((3*500)+1500)).

Section 302.101 of the Texas and Business Commerce Code makes it a violation for "a seller" to "make a telephone solicitation . . . to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." *Tex. Bus. & Com. Code § 302.101*. Plaintiff has pled that Defendants are liable under this section. Plaintiff has pled that Defendants and/or their agents or telemarketers placed illegal solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101 and that these actions violated said code. (ECF 9. At ¶¶23, 58-63)

Plaintiff is entitled to seek up to $5,000 for each violation and all reasonable costs of prosecuting this action. In sum Plaintiff is entitled to (and does request) $20,000.00 in damages. (5000*4=20,000.00). Plaintiff is also entitled to his filing fees of $405.00.

<u>Procedural History</u>:   On March 18, 2025, Plaintiff filed his First Amended Complaint against Defendants, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the regulations promulgated thereunder, and Tex. Bus. Com. Code 302.101. The summons was issued to Defendant on same date (ECF 11). Defendant Settle Fast was served March 25, 2025 (ECF 13). Defendant Brennan was served on April 29, 2025 (ECF 16). Defendants did not enter an appearance or file an answer or responsive pleading. On May 23, 2025, Plaintiff filed his "Motion for Clerk's Entry of Default against All Defendants" (Defendants Settle Fast MCA, LLC and Lori Brennan)(ECF 18). The District Clerk for the Western District of Texas entered default against Defendants on May 27, 2025. (ECF 19). This motion now follows. Plaintiff moves for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## II.   **ARGUMENT AND AUTHORITIES**

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. Procedurally, a defendant defaults when he or she fails to timely respond to the complaint. Fed. R. Civ. P. 55(a).  *N.Y. Life Ins. Co. v Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  When default is shown by "affidavit or otherwise," the clerk of the court "must enter the party's default."  Fed. R. Civ. P. 55(a).  After entry of default, Plaintiff may seek an entry of default judgment.  Fed. R. Civ. P 55(b).  In deciding whether default judgment is procedurally proper, the court considers the following factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the

default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obligated to set aside the default on the defendant's motion.

*Lindsey v Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998)

For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

**A.   The Court Has Jurisdiction and Service of Process Was Proper**

The Court has federal-question subject matter jurisdiction over Plaintiff's claims and specific personal jurisdiction over Defendants. Further, Defendants were duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

### i.   Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

### ii.   Personal Jurisdiction

There exist two types of personal jurisdiction: general and specific. General jurisdiction exists when a corporation is "fairly regarded as at home" in the state. Id. (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Generally, a corporation is "at home" on in its place of incorporation or principal place of business. *Frank v. P.N.K. (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020).

Specific personal jurisdiction exists when the suit arises out of the defendants' contacts with the forum. *Bristol Myers Squibb Co.*, 582 U.S. at 262. "[A] federal court may assert personal jurisdiction if the state long-arm statute permits jurisdiction and the exercise of such jurisdiction would not violate due process." *Conn Appliances, Inc v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019). Defendants have "purposefully directed his activities at residents of the

forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

In this case, specific jurisdiction arises out of Defendants' intentional contacts with this forum. Defendants intentionally directed phone calls into Texas. Defendants do not have a solicitation registration certificate with the Texas Secretary of State as required. Further, Texas has an interest in protecting their citizens and enforcing its consumer protection laws. Defendants willfully and purposefully violated Texas consumer protection laws.

### iii.  Service of Process

Under the Federal Rules of Civil Procedure, Defendant Settle Fast was properly served with process via their registered agent on March 25, 2025. (ECF 13). Defendant Brennan was properly served on April 29, 2025 consistent with Plaintiff's Motion to Substitute Service. (ECF 14, 16). Under FED. R. CIV. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Plaintiff's process server served the First Amended Complaint, summons, and other initiating papers to Defendant Settle Fast MCA, LLC via registered agent Lori Brennan, 8751 W. Broward Blvd., 506, Plantation, FL 33324, who identified themselves as the person authorized to accept via direct delivery and Defendant Brennan at her home address 3581 Southwest 116th Avenue, Davie, Florida 33330 consistent with Plaintiff's Motion to Substitute Service. *See* Exhibit B. Thus, Plaintiff effected service under Rule 4(h)(1)(B). Defendants had the opportunity to respond but did not.

### B.  The Balance of Factors Weighs in Favor of a Default

It is clear that the balance of factors surrounding Defendants' opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendants have not responded, the Court is unable to consider either the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants have demonstrated the culpability necessary for their failure to respond to weigh against them.

> i. **Without Default, Plaintiff Will be Denied Relief**

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendants' failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Defendants were made aware of their unlawful conduct when it was served with the Complaint which was ignored. Defendants have failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that the [p]laintiff will be unfairly prejudiced (and the [d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

### ii. Defendant has no Meritorious Defense

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because Defendants did not respond, the Court cannot determine whether or not the Defendants had meritorious defenses that are not reflected in the record. The Court must, therefore, conclude that Defendants had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgment is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

### iii. Defendants are Culpable for their Conduct

The standard for culpability is "willfulness" or "bad faith" on the defendants' part. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Defendants' failure to answer, despite adequate service, actual knowledge of the lawsuit, and service of the Entry of Default, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

### C. The Complaint Sufficiently Pleads a Cause of Action, and Damages are Proven

The pleading meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $26,605.00 are both reasonable and fair given the circumstances and facts of the case.

i.  **Legal Sufficiency**

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Nishimatsu Constr. Co. v Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *U.S. for Use of M-CO Const., Inc. v Shipco Gen., Inc*., 814 F.2d 1011, 1014 (5rh Cir., 1987). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013).

Plaintiff placed his phone number on the National Do Not Call Registry in December of 2007. (ECF 1. At ¶ 14). Defendants knew that they should have not been contacting Plaintiff. Every phone call in the First Amended Complaint was a solicitation phone call that was knowing and willful. All the calls were nonconsensual encounters that were not made for emergency purposes. Defendants do not have a valid Texas telephone solicitation registration. (*Id.* At ¶23). Plaintiff has supported his TCPA claims with adequate specificity alleging the date, time, and content of each call. (*Id*. At ¶16-20).

## CONCLUSION

Defendants decided to make calls to the Plaintiff's phone number listed on the National Do Not Call Registry to solicit into Texas. Defendants decided not to defend this lawsuit. Accordingly, the entry of default judgment against Defendants is appropriate. Plaintiff respectfully prays for an award of $26,605.00 plus any other relief that the court deems just and proper.

June 19, 2025.                                                          Respectfully Submitted,

The Darwich Law Firm, LLC
/s/Omar F. Darwich

Omar F. Darwich
Tx Bar No. 24124686
6090 Surety Dr., #305
El Paso, TX 79905
(915) 671-2221
omar@darwichlegal.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2025, I caused a true copy of the foregoing, Plaintiff's Motion For Default Judgement to be served via certified mail to Defendant Settle Fast at Lori Brennan, 8751 W. Broward Blvd., 506, Plantation, Florida 33324 and Defendant Brennan at 3581 Southwest 116th Avenue, Davie, Florida 33330.

/s/ Omar Darwich
Dated: June 29, 2025