**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **3:24-CV-00461-KC** |
| | § | |
| **SETTLE FAST MCA, LLC,** a Florida | § | |
| Limited Liability Company, **and LORI** | § | |
| **BRENNAN,** | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION

Plaintiff Brandon Callier brings this putative class action against Defendants Settle Fast MCA, LLC and Lori Brennan for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Section 302.101 of the Texas Business and Commerce Code ("TBCC"), Tex. Bus. & Com. Code § 302.101. Plaintiff secured entries of default against Defendants after they failed to appear following service of the summons and the First Amended Complaint. ECF No. 19.

Before the Court is Plaintiff's "Motion for Default Judgment" (ECF No. 21) ("Motion"), in which he seeks default judgment under Federal Rule of Civil Procedure 55 against Defendants for his own individual claims, as no class was certified. The Honorable District Judge Kathleen Cardone (the "referring court") referred the Motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b). For the reasons below, the Court **RECOMMENDS** the referring court to **GRANT** the Motion and **ENTER** default judgment against Defendants.

## STANDARD

Rule 55 authorizes courts to enter default judgment against defendants who fail to plead or otherwise defend a case. *See* Fed. R. Civ. P. 55. But the plaintiff has no right to default judgment simply because the defendant is in default. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). Default judgments are a drastic remedy, disfavored by the Federal Rules of Civil Procedure, and granted only under exceptional circumstances. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

Courts apply a three-part test to determine whether to enter default judgment. *See, e.g.*, *Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020); *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). The first step asks whether default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). To make that determination, courts weigh six factors: (1) whether material issues of fact exist; (2) whether the plaintiff has suffered substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good-faith mistake or excusable neglect; (5) the harshness of imposing a default judgment; and (6) whether the court would feel compelled to set aside the judgment if the defendant later moved to do so. *Id.*

The second step asks whether the plaintiff's "well-pleaded" allegations of facts provide "a sufficient basis" for entering default judgment. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Because the defendant is in default, courts treat the plaintiff's well-pleaded factual allegations as admitted and

take them as true.  *Id.*  To determine whether the factual allegations are well-pleaded, courts draw "meaning from the case law on Rule 8," which requires "a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)) (addressing *Nishimatsu*'s "well-pleaded" and "sufficient basis" requirements for default judgment).

The final step asks the form and amount of relief, if any, that the plaintiff should receive.  *Id.*  The defendant's default leads courts to accept the plaintiff's well-pleaded factual allegations as true, but only for liability, not for damages.  *See U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Courts will not award damages without a hearing unless the amount claimed is "a liquidated sum" or "one capable of mathematical calculation" by reference "to the pleadings and supporting documents."  *James v. Frame*, 6 F.3d 307, 310–11 (5th Cir. 1993); *see also Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992).

## DISCUSSION

In his Motion, Plaintiff argues that entry of default judgment against Defendants is proper because it is procedurally warranted (first step) and his well-pleaded allegations support his claims (second step). Mot. at 4–9, ECF No. 21.  He also argues that no hearing is necessary to determine damages because he seeks damages in the amount of $26,405.00, which is "easily computable"  based on statutory damages and filing fees (third step).  *Id.* at 2–4.  The Court addresses Plaintiff's arguments in that order.

## I.   <u>Step One</u>: **Default judgment is procedurally warranted in this case.**

After weighing the six factors, the Court concludes that default judgment against Defendants is procedurally warranted.

First, no material facts are in dispute because, by their default, Defendants have admitted Plaintiff's well-pleaded allegations. *See Lindsey*, 161 F.3d at 893; *Nishimatsu*, 515 F.2d at 1206. Second, their failure to respond or otherwise defend the case has effectively stalled this case for over a year, causing substantial prejudice to Plaintiff. *See Walker v. Koelzer*, 715 F. Supp. 3d 956, 962 (N.D. Tex. 2024).

Third, the grounds for default are clearly established: Defendants have not responded to the summons, the First Amended Complaint, the Clerk's entry of default, or this Motion despite service. *See Lindsey*, 161 F.3d at 893. Indeed, Settle Fast has not even responded to the claims in Plaintiff's original complaint and the Clerk's entry of the default regarding such claims. *See* ECF Nos. 1–6. Fourth, no evidence suggests that Defendants' absence is due to either a good-faith mistake or excusable neglect. *See Lindsey*, 161 F.3d at 893.

Fifth, default judgment would not be unfairly harsh here because Defendants "have had ample opportunity to respond after receiving notice of this action and have failed to do so." *Griffin v. O'Brien, Wexler & Assocs.*, LLC, 680 F. Supp. 3d 772, 781 (E.D. Tex. 2023). Indeed, more than a year after Plaintiff filed his original complaint, Settle Fast has yet to respond or appear, even after Plaintiff filed his First Amended Complaint naming Brennan as a co-defendant. And sixth, the Court agrees with Plaintiff that the record contains nothing to suggest that the referring court would

need to set aside the entry of default against Defendants.  *See Lindsey*, 161 F.3d at 893.

**II.    Step Two: Plaintiff's well-pleaded allegations sufficiently support his claims against Defendants.**

In his First Amended Complaint, Plaintiff asserts two claims against Defendants: (1) a federal Do-Not-Call claim under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2); and (2) a state claim under § 302.101 of the TBCC.  Below, the Court addresses whether each claim's allegations are well-pleaded under Federal Rule of Civil Procedure 8.

A.  TCPA Do-Not-Call Claim

Section 227(c) of the TCPA grants the Federal Communications Commission (FCC) rulemaking authority to "protect residential telephone subscriber's privacy rights to avoid receiving telephone solicitations to which they object."  47 U.S.C. § 227(c)(1).  This subsection also provides a private right of action to "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" promulgated by the FCC under the subsection.  *Id.* § 227(c)(5).

The FCC regulation that Plaintiff relies on here, 47 C.F.R. § 64.1200(c)(2), prohibits unsolicited calls to "residential telephone subscribers" who have registered on the "do-not-call registry" that the Federal Government maintains.  This FCC regulation applies to "telephone solicitations or telemarketing calls or text messages" made to wireless telephone numbers.  47 C.F.R. § 64.1200(e).

So, read together, the relevant TCPA subsection and FCC regulation require Plaintiff to allege that he is a "residential telephone subscriber" registered on the do-not-call registry and that Defendants made more than two unsolicited calls or texts within a 12-month period.

Here, Plaintiff sufficiently pleads facts under Rule 8 to support entering a default judgment on his TCPA Do-Not-Call claim.  He alleges that Defendants called him to solicit "MCA loan relief services" from him three times: twice on November 11, 2024, and once on November 14, 2024.  First Am. Compl. ¶¶ 16–17, 20.  He also alleges that Brennan texted him during the second November 11, 2024 phone call— a text in which she identified herself as the President of Settle Fast.  *Id.* ¶¶ 4, 18. Plaintiff further alleges that on November 12, 2024, he texted Brennan a "Do Not Call request," and that while she acknowledged his request, she still called him again on November 14.  *Id.* ¶¶ 19–20.  He alleges that he received Defendants' "solicitation phone calls to [his] residential cell phone ending in 4604," which "was successfully registered on the National Do Not Call registry in December 2007."  *Id.*  ¶¶ 13–14.

To be sure, the First Amended Complaint does not assert additional facts about why Plaintiff's use of his registered cell phone number is "residential."  But Rule 8, and by extension, the standard for entering default judgment, requires no more.  In TCPA cases alleging violations of 47 C.F.R. § 64.1200 involving cell phone numbers, some courts have required, in the default-judgment context, more facts to support that the cell phone number was used for residential purposes to meet the "residential

telephone subscriber" element.[1]  In doing so, however, those courts have relied on cases that either evaluated plausibility under Rule 12(b)(6) or evidence at the summary judgment stage under Rule 56.[2]

But as the Fifth Circuit has made clear, Rule 12's plausibility standard does not apply in the default-judgment context—let alone Rule 56's summary judgment standard.  *See Wooten*, 788 F.3d at 498 n.3 ("[A]s default is the product of a defendant's *inaction*, we decline to import Rule 12 standards into the default-judgment context." (emphasis in original)).  Instead, factual allegations in the default-judgment context need only "satisfy the low threshold of Rule 8": "Detailed factual allegations are not required."  *Id.* (cleaned up).  *Cf. Sanchez Oil & Gas Corp. v.*

---

[1] *See, e.g.*, *Strange v. ABC Co.*, No. CV 19-1361, 2021 WL 798870, at *4 (W.D. La. Mar. 1, 2021) (denying default judgment because plaintiff failed to sufficiently allege that he used his cell phone for residential purposes); *Cunningham v. McDonald*, No. 3:15-CV-215, 2018 WL 6737418, at *2 (M.D. Tenn. Nov. 5, 2018) (same), *R&R adopted*, No. 3:15-CV-00215, 2018 WL 6198417 (M.D. Tenn. Nov. 28, 2018); *accord Callier v. Optimum Solar USA*, No. EP-23-CV-00273-KC-MAT, 2024 WL 2044832, at *6 (W.D. Tex. Mar. 21, 2024) ("This Court agrees with courts in the Fifth Circuit that have held that a cellular telephone number qualifies as a residential number under the TCPA if the plaintiff alleges sufficient facts to make it clear that his cellular telephone is used for residential purposes."), *R&R adopted sub nom. Callier v. Optimum Solar USA & Misael Guzman*, No. EP-23-CV-273-KC, 2024 WL 1531415 (W.D. Tex. Apr. 9, 2024); *Guadian v. United Tax Def. LLC*, No. EP-23-CV-00349-KC-RFC, 2024 WL 140249, at *5 (W.D. Tex. Jan. 12, 2024) (R&R) (same) (case dismissed on other grounds).

[2] *See Myrick v. Adapthealth, LLC*, No. 6:22-CV-00484-JDK, 2023 WL 5162396, at *1 (E.D. Tex. June 26, 2023) (motion to dismiss), *R&R adopted*, No. 6:22-CV-484-JDK, 2023 WL 4488848 (E.D. Tex. July 12, 2023); *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *1 (N.D. Tex. Feb. 24, 2022) (motion to dismiss); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 651 (W.D. Tenn. 2020) (summary judgment); *Cunningham v. Rapid Cap. Funding, LLC/RCF*, No. 3:16-CV-02629, 2017 WL 3574451, at *1 (M.D. Tenn. July 27, 2017) (motion to dismiss), *R&R adopted sub nom. Cunningham v. Rapid Cap. Funding, LLC*, No. 3:16–CV–02629, 2017 WL 3776165 (M.D. Tenn. Aug. 31, 2017); *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847, 2017 WL 2719992, at *1 (M.D. Tenn. June 23, 2017) (summary judgment), *R&R adopted sub nom. Cunningham v. Polselli*, No. CV 15-00847, 2017 WL 2935784 (M.D. Tenn. July 10, 2017).

*Crescent Drilling & Prod., Inc.,* 7 F.4th 301, 309 (5th Cir. 2021) ("While litigants should, when possible, identify specific contractual provisions alleged to have been breached, Rule 8 does not require that level of granularity."); *Johnson v. City of Shelby, Miss.,* 574 U.S. 10, 12 (2014) (distinguishing *Twombly* and *Iqbal,* which "concern the *factual* allegations a complaint must contain to survive a motion to dismiss," and explaining "Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city" and "[h]aving informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim" (italics in original) (citing Fed. R. Civ. P. 8(a)(2), (d)(1), (e))).

B. TBCC Claim

Section 302.101 of the TBCC provides that a "seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a). A "seller" means a person who makes a telephone solicitation on the person's own behalf. Tex. Bus. & Com. Code § 302.001(5). Section 302.303(b) provides a private right of action to enforce violations of § 302.101. Tex. Bus. & Com. Code § 302.303(b).

Here, Plaintiff sufficiently pleads facts under Rule 8 to support entering a default judgment on his TBCC claim. He alleges that Defendants are not registered to solicit via telephone in Texas as § 302.101(a) requires. First Am. Compl. ¶ 23. He further alleges that he confirmed their lack of registration in the Texas Registration

Database on November 14, 2024.  *Id.*  Plaintiff also alleges that he "was present for all causes of action" in his First Amended Complaint "within El Paso, Texas."  *Id.* ¶ 1.

**III.    Step Three: Plaintiff's damages can be calculated with certainty by reference to the First Amended Complaint, without a hearing.**

Lastly, Plaintiff seeks a total of $26,405.00 in damages, including: (1) $1,500 in trebled statutory damages for each TCPA violation because he claims that Defendants committed each violation knowingly and willfully ($1,500 x 4 = $6,000); (2) $5,000 in statutory damages for each TBCC violation ($5,000 x 4 = $20,000); and (3) $405 in costs based on his filing fees.  Mot. at 2–4.[3]

Section 227(c)(5) of the TCPA provides that a plaintiff may receive up to $500 in damages for each violation of an FCC regulation, including 47 C.F.R. § 64.1200(c)(2).  47 U.S.C. § 227(c)(5)(B).  Additionally, "[i]f the court finds that the defendant willfully or knowingly violated the [FCC regulations enacted under § 227(c)], the court may, in its discretion" award treble damages for each violation.  *Id.* § 227(c)(5).  In turn, the TBCC provides for "a civil penalty of not more than $5,000 for each violation" of § 302.101(a).  Tex. Bus. & Com. Code § 302.302(a).

"The federal statute governing generally recoverable costs for litigants in federal court is 28 U.S.C. § 1920."  *Cacho v. Amity One Debt Relief*, No. EP-24-CV-160-KC, 2024 WL 4594177, at *8 (W.D. Tex. Oct. 24, 2024).  Litigants may recover

---

[3] In his First Amended Complaint, besides damages, Plaintiff also requested "[a]n injunction requiring Defendants to cease sending all unlawful calls."  First Am. Compl. at 12.  But nowhere in his Motion or proposed order does Plaintiff seek such remedy.  Thus, the Court considers Plaintiff's request for a permanent injunction against Defendants as abandoned for purposes of default judgment.

filing fees as "fees of the clerk" under 28 U.S.C. § 1920(1).  *Griffin*, 680 F. Supp. 3d at 790.

After reviewing the First Amended Complaint, the Court concludes that an award of $23,405.00 in damages can be calculated with certainty based on the pleading alone, without an evidentiary hearing.  *S-H, Inc.*, 967 F.2d at 204.

To begin, the First Amended Complaint shows four TCPA violations based on four unsolicited communications to Plaintiff's residential cell phone number, which was registered on the do-not-call registry.  First Am. Compl. ¶¶ 16–18, 20.  Yet the First Amended Complaint supports knowing and willful conduct only for the November 14, 2024 phone call, as Plaintiff alleges that Brennan called him even after she acknowledged his do-not-call request on November 12, 2024.  *Id.* ¶¶ 19–20.  No other allegations in the First Amended Complaint support knowing and willful conduct.  So, Plaintiff may recover $3,000 in statutory damages under the TCPA— $1,500 for the November 14, 2024 phone call and $500 for each of the three remaining violations.

What is more, the First Amended Complaint shows four TBCC violations based on four unsolicited communications made without a registration certificate.  *Id.* ¶¶ 16–18, 20.  So, Plaintiff may recover $20,000 in statutory damages under the TBCC for those four violations.

Lastly, although Plaintiff offers no evidence supporting an award of $405 in costs, the Court takes judicial notice of the $405 filing fee paid on December 24, 2024.  *See* Compl., ECF No. 1 (Docket Text) ("Filing fee $ 405 receipt number ATXWDC-

19612819"); *see also Cacho*, 2024 WL 4594177, at *8 (awarding $405 in costs on default judgment after taking judicial notice of plaintiff's filing fees). So, Plaintiff may recover $405 in costs under 28 U.S.C. § 1920 for his filing fees.

## RECOMMENDATION

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Honorable District Judge Kathleen Cardone **GRANT** Plaintiff's "Motion for Default Judgment" (ECF No. 21) and **ENTER** default judgment against Defendants, awarding Plaintiff a total of $23,405.00 in damages ($3,000 in statutory damages for four TCPA violations, $20,000 in statutory damages for four TBCC violations, and $405 in costs for filing fees).

**So ORDERED and SIGNED this <u>20th</u> day of January 2026.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**